UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:22-CV-00042-KKC-EBA

BRITNEY ALLEN JONES,                                                                                     PLAINTIFF,

V.                         **MEMORANDUM OPINION & ORDER**

WELLPATH, LLC, *et al.*,                                                                                DEFENDANTS.

*** *** *** ***

This matter is before the Court on Plaintiff Britney Allen Jones' Motion to Compel Defendant Wellpath LLC to respond to her request for identifying information on the physician who allegedly authored the echocardiogram report at issue. [R. 78]. On December 2, 2024, after Wellpath's late production of the echocardiogram report, Jones sent Wellpath a discovery request asking for identifying information concerning the "George N. Welch, MD" who allegedly authored the report. [R. 78-1]. Wellpath did not respond to Jones' request.

Federal Rule of Civil Procedure 26(b)(1) provides that—unless otherwise limited—"[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The Court will consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Whether discovery is relevant is broadly construed to include "any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

When a party refuses to provide information requested by another party, which is thought by the requesting party to be within the scope of Rule 26(b), then the requesting party may move the court to compel disclosure of the requested information. Fed. R. Civ. P. 37(a)(3)(B). Motions to compel may be filed where a party has failed to (1) provide a mandatory disclosure; (2) answer or admit an interrogatory or request for admission; or (3) produce discoverable information, materials, or documents. Fed. R. Civ. P. 37. However, prior to moving to compel, a party must in good faith confer or attempt to confer with the opposing party "failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Two weeks prior to the discovery deadline, Wellpath produced an echocardiogram report which appears to be signed by "George N. Welch, MD." [R. 53, 57]. However, Wellpath has not produced any information about "George N. Welch, MD." Jones attempted to confer with the opposing party in good faith without court action about the requested discovery, but Wellpath has not complied. [R. 78]. Any information pertaining to the identity of "George N. Welch, M.D." is not only relevant, but important to the issues at stake in this action. Specifically, any information about "George N. Welch, M.D." in Wellpath's possession is necessary to resolving the pending discovery issues regarding the late disclosed echocardiogram report and its authenticity. Accordingly,

**IT IS ORDERED** as follows:

1. Jones' Second Motion to Compel Responses to Discovery, [R. 78], is GRANTED.
2. Wellpath LLC shall respond to Plaintiff's Fifth Discovery Requests, [R. 78-1], no later than close of business on **February 28, 2024.**

Signed February 27, 2024.



Signed By:
**_Edward B. Atkins_** *EBA*
**United States Magistrate Judge**